IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON, <br><br> Plaintiff, <br> v. <br><br> U.S. DEPARTMENT OF STATE, <br><br> Defendant. | Civil Action No. 19-1344 (RBW) |
| REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS, <br><br> Plaintiff, <br> v. <br><br> U.S. DEPARTMENT OF STATE, <br><br> Defendant. | Civil Action No. 19-2125 (RBW) |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S STATEMENT OF MATERIAL FACTS NOT IN GENUINE DISPUTE, AND STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT**

Pursuant to Local Civil Rule 7(h), Plaintiffs Citizens for Responsibility and Ethics in Washington ("CREW") and Reporters Committee for Freedom of the Press (the "Reporters Committee") respectfully submit this Response to Defendant U.S. Department of State's Statement of Material Facts Not in Genuine Dispute, ECF No. 18-1 ("State Stmt. of Facts"), and Statement of Undisputed Material Facts in Support of Plaintiffs' Cross-Motion for Partial Summary Judgment.

I.        **Plaintiffs' Response to State's Statement of Material Facts Not in Genuine Dispute**

1.        By communications both dated March 19, 2019, Plaintiffs Reporters Committee for Freedom of the Press and Citizens for Responsibility and Ethics in Washington submitted separate requests under the Freedom of Information Act seeking all records relating to a telephone conference call on international religious freedom on which Secretary of State Pompeo had participated on March 18, 2019.  Declaration of Eric F. Stein ("Stein Decl.") [ECF No. 18-2] ¶¶ 4, 12.

**Plaintiffs' Response**:  Disputed.  The Reporters Committee and CREW sought specific categories of records, as set forth in each respective FOIA request.  *See* Stein Decl. Exs. 1, 8.

2.        The State Department responded to the FOIA requests without providing responsive records prior to the filing of litigation.  Stein Decl. ¶¶ 6, 12.

**Plaintiffs' Response**:  Disputed.  CREW denies that State responded to CREW's FOIA request prior to the filing of this litigation.  The Reporters Committee also denies that State responded to the Reporters Committee's FOIA request prior to the filing of this litigation.  The cited paragraphs of the Stein Declaration do not support State's factual assertion.  *See* State Stmt. of Facts ¶ 2 (citing Stein Decl. ¶¶ 6, 12)).

3.        The State Department searched for responsive records in the Office of the Executive Secretariat, the Bureau of Global Public Affairs, and the Office of International Religious Freedom, and located responsive records.  Stein Decl. ¶¶ 19-22, 35-54.

**Plaintiffs' Response**:  Not disputed.

4.        There are no other locations likely to contain responsive agency records subject to the FOIA.  Stein Decl. ¶¶ 21-22.

**Plaintiffs' Response**:  Disputed.  This paragraph states legal conclusions and characterizations, not facts.  *See Jackson v. Finnegan*, 101 F.3d 145, 153 (D.C. Cir. 1996) (statements that "blend[] factual assertions with legal argument" do not comply with Local Civil Rule 7(h)).  To the extent a response is deemed required, the paragraph is denied.

5.   The State Department located __ records in total, of which it released thirty-four in full, released forty-three in part.  Stein Decl. ¶¶ 7-11, 14-18, 54.

**Plaintiffs' Response**:  Disputed in part.  Insofar as the paragraph appears to erroneously include a blank ("___") in place of the total number of records State located, Plaintiffs can neither confirm nor deny that assertion.  Plaintiffs dispute that State released 43 records in part.  The cited paragraph of the Stein Declaration says that State released 45 records in part.  *See* State Stmt. of Facts ¶ 5 (citing Stein Decl. ¶ 54).  The remainder of the paragraph is not disputed.

6.   The State Department withheld classified information under Exemption 1.  Stein Decl. ¶¶ 23-27, 35.

**Plaintiffs' Response**:  Disputed in part.  Undisputed that State Department withheld information.  The remainder of this paragraph states legal conclusions and characterizations, not facts.  *See Jackson*, 101 F.3d at 153.  To the extent a response is deemed required, the paragraph is denied.

7.   The State Department invoked Exemption 5, 5 U.S.C. § 552(b)(5), to withhold portions of internal communications among staff regarding planning the technical and substantive details of the conference call, including debating whom to invite to participate, preparing responses for others who asked to participate, changes to the plans, and the strategy and proposed topics for discussion on the call.  Stein Decl. ¶¶ 29, 38-39, 41-43, 46-50, 52-53.

**Plaintiffs' Response**: Disputed in part. Undisputed that the State Department withheld portions of records. The remainder of this paragraph is disputed as it consists of argument and/or legal conclusions and characterizations to which no response is required. *See Jackson*, 101 F.3d at 153. To the extent a response is deemed required, the remainder of this paragraph is denied.

8. These portions of communications are pre-decisional because they all took place prior to the actual telephone conference call in which Secretary Pompeo participated. Additionally, these portions of communications reveal reflect an internal exchange of ideas and recommendations, the release of which would tend to have a chilling effect on the open and frank expression of views in formulating and executing the conference call. *Id.* Disclosure of this material could foreseeably harm the interests protected by the deliberative process privilege. *Id.*

**Plaintiffs' Response**: Disputed. This paragraph states legal conclusions and characterizations, not facts. *See Jackson*, 101 F.3d at 153. To the extent a response is deemed required, the paragraph is denied.

9. The State Department redacted certain information under Exemption 6 of the FOIA, 5 U.S.C. § 552(b)(6), to protect personal privacy interests. Stein Decl. ¶¶ 32-34.

**Plaintiffs' Response**: Disputed in part. Undisputed that the State Department withheld portions of records. The remainder of this paragraph is disputed as it consists of argument and/or legal conclusions and characterizations, not facts. *See Jackson*, 101 F.3d at 153. To the extent a response is deemed required, the paragraph is denied.

10. The State Department redacted names of lower level staff and four people on detail to the Department of State from the United States military, e-mail addresses of third-parties, one private e-mail address of an employee whose official government e-mail address

appears in the same record, and information about a family member of an employee. Stein Decl. ¶¶ 36-37, 39-41, 44-45, 51. For all of this information, the substantial privacy interests of the associated individuals far outweighs the legitimate public interest because their identity sheds little, if any, light on what the government is doing.

**Plaintiffs' Response:**  Disputed in part.  Undisputed that the State Department withheld portions of records.  The remainder of this paragraph is disputed as it consists of argument and/or legal conclusions and characterizations, not facts.  *See Jackson*, 101 F.3d at 153.  To the extent a response is deemed required, the paragraph is denied.

11. The State Department released all non-exempt information not inextricably intertwined with exempt information as well as all exempt information for which it could not reasonably foresee harm associated with the release.  Stein Decl. ¶ 54; *see also id.* ¶¶ 35-53.

**Plaintiffs' Response:**  Disputed.  This paragraph states legal conclusions and characterizations, not facts.  *See Jackson*, 101 F.3d at 153.  To the extent a response is deemed required, the paragraph is denied.

II. **Plaintiffs' Statement of Undisputed Material Facts**

*Secretary Pompeo's March 18, 2019 Briefing Call with "Faith-Based Media"*

1. On March 18, 2019, Secretary of State Mike Pompeo held a briefing call with a select group of "faith-based" media outlets in advance of a planned trip to the Middle East.  Weeks Decl. Ex. A.

2. According to the briefing transcript, Secretary Pompeo described the planned trip as focusing on "challenges we face from radical Islamic terrorism in the region," State's "work[] to promote religious tolerance" in the countries visited, and Israeli-Palestinian relations.  Weeks Decl. Ex. A.

3. Secretary Pompeo added that "persons of all faiths will have something to say" about the administration's Israel-Palestine "peace plan." *Id.* He also described "a very robust effort to work with other countries" to "cease allowing radicalism to take place in their mosques or elsewhere in madrasas." Weeks Decl. Ex. A.

4. Secretary Pompeo took and answered several questions on these subjects from the call participants. Weeks Decl. Ex. A.

5. State initially invited both religious and non-religious media outlets to join the briefing call. Weeks Decl. Ex. B.

6. State later rescinded invitations to non-religion-focused outlets, over reporters' objections, explaining that the briefing was "for faith-based media only." Weeks Decl. Ex. B.

7. Both the briefing transcript and final list of briefing attendees reveal that no organizations dedicated exclusively or primarily to Muslim-focused issues attended the briefing. Weeks Decl. Exs. A, B.

8. Emails between State Department employees show that an earlier list of call participants included a representative from the Council on American-Islamic Relations ("CAIR"). Weeks Decl. Ex. G.

9. Emails between State Department employees further show that State initially invited CAIR to join the briefing, but later rescinded that invitation. Weeks Decl. Ex. H.

10. Emails between State Department Employees further show that reporters from outlets such as *The Washington Post*, *The Wall Street Journal*, Reuters, and CNN were excluded from the call, or received no response to their attempts to RSVP. Weeks Decl. Exs. C, D, E, F.

11. On March 19, 2019, the day after the briefing, a State official sent an email summarizing what transpired and the resulting backlash from the press, stating that "Jessica

Donati of the [Wall Street Journal] was extended an invitation and then someone in Kansas asked that the invitation be rescinded.  It is unclear to me who made the decision and why it was made. . . . Someone affiliated with CAIR was also rescinded an invite."  Weeks Decl. Ex. I.

12. Emails show that one State Department official wrote, in response to press coverage critical of the briefing, that "This is NOT a good look for the U.S."  Weeks Decl. Ex. J.

13. In another email, a State Department official wrote to a colleague: "I'm reading about [the briefing] on Twitter and it seems somewhat strange.  Would appreciate any context you have."  Weeks Decl. Ex. K.  The colleague responded: "I have no insight to offer why they decided to conduct this engagement in this highly unusual manner."  *Id.*

### CREW's FOIA Request

14. On March 19, 2019, CREW submitted a FOIA request to State seeking "all documents referencing, concerning, or relating to the briefing call on international religious freedom held by Secretary of State Mike Pompeo on March 18, 2019."  Stein Decl. ¶ 12 & Ex. 8.

15. By letter dated September 30, 2019, State informed CREW that it had located four records responsive to its request, and released two of those records in full and two in part.  Stein Decl. ¶ 14 & Ex. 9.

16. By letter dated November 15, 2019, State informed CREW that it had located two additional records responsive to its request, and released both records in part.  Stein Decl. ¶ 15 & Ex. 10.

17. By letter dated December 16, 2019, State informed CREW that it had located 25 additional records responsive to its request, and released 11 of those records in full and 14 in part.  Stein Decl. ¶ 16 & Ex. 11.

18. By letter dated January 17, 2020, State informed CREW that it had located 48 additional records responsive to its request, and released 20 of those records in full and 28 in part. Stein Decl. ¶ 17 & Ex. 12. It also re-released one document from a prior production, with some redactions lifted. *Id.*

19. By letter dated March 9, 2020, State re-released one record to CREW in full that it had previously released in part. Stein Decl. ¶ 18 & Ex. 13.

20. In total, State released 34 records in full and 45 records in part in response to CREW's FOIA request. Stein Decl. ¶ 54.

21. State has withheld records responsive to CREW's requests under FOIA Exemptions 1, 5, and 6. Stein Decl. ¶¶ 23-53.

***Reporters Committees' FOIA Request***

22. On March 19, 2019, the Reporters Committee submitted a FOIA request to State via fax, seeking:

> Any transcripts, readouts, audio recordings, or other records that capture the substance of the March 18, 2019 call on "international religious freedom," in which Secretary Pompeo participated;
>
> Any and all emails or other forms of communication inviting individuals or organizations to join or participate in the March 18, 2019 call on "international religious freedom," in which Secretary Pompeo participated;
>
> Any and all records setting forth the criteria or selection process for inviting individuals or organizations to join or participate in the March 18, 2019 call on "international religious freedom," in which Secretary Pompeo participated.

Stein Decl. ¶ 5 & Ex. 1.

23. The Reporters Committee received no response from State prior to its lawsuit filed July 17, 2019. Stein Decl. ¶¶ 6 & Ex. 2; 19-cv-2125 ECF No. 1.

24. After the initiation of the Reporters Committee' lawsuit, State released certain records and portions thereof in response to RCFP's request, and withheld other portions of those records. Stein Decl. ¶¶ 7–11 & Exs. 2–7.

25. State has withheld portions of records responsive to the Reporters Committee's request citing FOIA Exemptions 1, 5, and 6. Stein Decl. ¶¶ 23–53.

Date: April 16, 2020

Respectfully Submitted,

/s/ Nikhel Sus
NIKHEL S. SUS
(D.C. Bar No. 1017937)
ANNE L. WEISMANN
(D.C. Bar. No. 298190)
Citizens for Responsibility and Ethics in Washington
1101 K St. NW, Suite 201
Washington, D.C. 20005
Telephone: (202) 408-5565
Fax: (202) 588-5020
nsus@citizensforethics.org
aweismann@citizensforethics.org

*Counsel for Plaintiff Citizens for Responsibility and Ethics in Washington*


/s/ Katie Townsend
Katie Townsend
DC Bar No. 1026115
Email: ktownsend@rcfp.org
Adam A. Marshall
DC Bar No. 1029423
Email: amarshall@rcfp.org
Lin Weeks*
DC Bar No. 1686071
Email: lweeks@rcfp.org
REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS
1156 15th Street NW, Suite 1020
Washington, DC 20005
Phone: 202.795.9300

Facsimile: 202.795.9310

*Counsel for Plaintiff Reporters Committee for Freedom of the Press*

*\*Of counsel*